## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yekusiel Stesel,<br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br>Nationwide Credit, Inc.,<br><br>Defendants. | Case No.: 7:21-cv-6916<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yekusiel Stesel ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendants Nationwide Credit, Inc. ("NCI"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.       The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.       The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer

protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Rockland.

8.      Defendant NCI is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address at C T Corporation System 28 Liberty Street, New York, NY, 10005.

9.      Upon information and belief, Defendant NCI is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

      a.   all individuals with addresses in the State of New York;

      b.   to whom Defendant NCI sent collection letter(s);

      c.   attempting to collect a consumer debt;

      d.   showing a changing balance without explanation or reason given for the change;

      e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

15.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff

Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel

have any interests which might cause them not to vigorously pursue the instant

class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair

and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large

number of similarly situated persons to prosecute their common claims in a

single forum efficiently and without unnecessary duplication of effort and

expense that individual actions would engender.

17.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is

also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to

other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the

time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to

Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats the above allegations as if set forth here.

20.     Some time prior to April 12, 2021, an obligation was allegedly incurred by Plaintiff

to non-party JP Morgan Chase Bank, N.A. ("Chase Bank").

21.     The obligation arose out of a transaction in which money, property, insurance or

services of the subject transactions were incurred for personal purposes, specifically personal

credit.

22.     The alleged Chase Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23.    Chase Bank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24.    It appears from Defendant's letter(s) described below that Chase Bank referred this account to NCI for collection.

25.    Plaintiff disputes the balance allegedly owed to Chase Bank.

26.    NCI collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – Collection Letters*

27.    Defendant sent Plaintiff collection letters on or about April 12, 2021 ("First Letter"), April 26, 2021 ("Second Letter") and May 10, 2021 ("Third Letter"), (collectively "Letters") regarding the alleged debt owed to Chase Bank.  See Letters attached as Exhibit A.

28.    The First Letter states that the balance is $792.38.

29.    The Second Letter states that the balance is $792.38.

30.    The Third Letter states that the balance is $760.85.

31.    None of the Letters note that the balance may change.

32.    None of the Letters explain why the balance has changed.

33.    No reason is given for why these mysterious charges have been deducted from the account.

34.    Plaintiff did not make payment in the interim.

35.    The amounts listed in the Letters do not add up and therefore do not make sense.

36.    This leaves open the possibility that this mysterious charge could be added back, or that an additional charge for the same or a different amount could be added for the same reason – whatever it was – that this mysterious change happened in the first place.

37.    Because of the lack of any information foreclosing this possibility, plaintiff does not know if the amount of his obligation is static or dynamic.

38.    Plaintiff has therefore been misled as to whether paying $760.85 will close the account, or whether another charge, previously removed, might be added, so that more than $760.85 would be needed to close this account.

39.    Plaintiff suspected that there was fraud involved with this collection, or that it was at least suspect.

40.    The letter is misleading because Plaintiff could conclude that the total amount stated as due was due at any time, when in fact it was changing.

41.    If Defendant pays the amount stated on the letter, he does not know whether the debt has been paid in full.

42.    Defendant could still seek the add the charges that had been removed, after the letter was sent but before the balance was paid, or sell Plaintiff's debt to a third party, which itself could seek those addition amounts from Plaintiff.

43.    Alternatively, in light of the amounts stated in the letter and the implication that the charges could be changing, then if, in fact, the amounts will no longer be changing, Defendant must so state.

44.    The letter materially misled Plaintiff because a consumer with two equal-amount debts, one of which is decreasing and one of which will never decrease (static), will pay the static debt first.

45.    A debt collector cannot imply or suggest that a debt is decreasing, or will continue to decrease, when this implication is false.

46.     That false advice could incentivize the consumer not to pay the debt at a time when, if accurately advised, he would do so.

47.     A decreasing balance is the quintessential example of an ambiguity that could cause a consumer to not to pay as a means of taking advantage of the balance's continuing downward descent.

48.     Plaintiff does not know why the mysterious amount was deducted.

49.     Plaintiff does not know whether it might be added or deducted again after some period of time if the debt remained unpaid.

50.     The letter is therefore deceptive.

51.     Plaintiff was confused by this as the total balance was changing in Defendant's letters.

52.     Plaintiff was therefore unable to evaluate his options of how to handle this debt.

53.     Because of this, Plaintiff expended time and money in determining the proper course of action.

54.     Due to Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were therefore spent elsewhere.

55.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

56.     As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

57.     Plaintiff was injured by Defendant's fraud-like conduct.

58.     Plaintiff would have pursued a different course of action were it not for Defendant's violations.

59.     In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

60.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

61.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

62.     Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

63.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

64.     Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

65.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

66.     Plaintiff repeats the above allegations as if set forth here.

67.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

68.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69.     Defendant violated said section as described above by making a false and misleading representation and failing to note the balance was changing, in violation of §§ 1692e, 1692e (2), and 1692e (10);

70.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq*.**

71.     Plaintiff repeats the above allegations as if set forth here.

72.     Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

73.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

74.     Defendant violated this section as described above by making false or misleading representations.

75.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

76.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Yekusiel Stesel, individually and on behalf of all others similarly situated, demands judgment from Defendant NCI as follows:

    i.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

    ii.     Awarding Plaintiff and the Class statutory damages;

    iii.     Awarding Plaintiff and the Class actual damages;

    iv.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    v.     Awarding pre-judgment interest and post-judgment interest; and

    vi.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 17, 2021                    Respectfully submitted,

                                    */s/ Eliyahu Babad*

By:  Eliyahu Babad, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*