UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

| | | |
|---|---|---|
| YEKUSIEL STESEL, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 7:21-cv-06916-KMK |
| NATIONWIDE CREDIT, INC., | § § | |
| Defendant. | § § | |

## <u>STIPULATED PROTECTIVE ORDER</u>

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1.      In connection with discovery proceedings or non-discovery voluntary disclosures in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").   Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.   Confidential information also

consists of medical records and the following personal identifiers: social security numbers (other than the last 4 digits), dates of birth, an individual's phone number (other than the last 4 digits), and an individual's address (other than the city, state, and zip code).

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2.      Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.      Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangement shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.      Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstract, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential

Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.     Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)     a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)     experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)     court reporter(s) employed in this action;

(d)     a witness at any deposition or other proceeding in this action;

(e)     personnel associated with the insurance carrier for either party; and

(f)     any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6.     Depositions shall be taken only in the presence of qualified persons.

7.     The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in

paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) thru (f) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8.     Nothing herein shall impose any restriction on the use or disclosure by a party of material obtained by such party independent of discovery or non-discovery voluntary disclosures in this action, whether or not such material is also obtained through discovery or non-discovery voluntary disclosures in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.     ~~If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential-Subject to Court Order" and filed under seal until further order of this Court.~~ See Addendum A.

10.     In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11.     If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event

4

that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate.

12.     This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.    The party designating the document or information as confidential bears the burden of proving such document or information is confidential if challenged. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to the Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14.     This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case,

counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

SO STIPULATED:

Dated: February 23, 2022          STEIN SAKS PLLC

                                  _/s/ Eliyahu Babad_
                                  Eliyahu Babad, Esq.
                                  One University Plaza, Suite 620
                                  Hackensack, NJ 07601
                                  P: (201) 282-6500
                                  Email: ebabad@steinsakslegal.com
                                  Attorneys for Plaintiff,
                                  Yekusiel Stesel

Dated: February 23, 2022          SESSIONS, ISRAEL & SHARTLE, LLC

                                  _/s/ Kirsten H. Smith_
                                  Kirsten H. Smith, Esq.
                                  3850 N. Causeway Blvd. Suite 200
                                  Metairie, LA 70002
                                  Phone: (504) 846-7943
                                  Fax: (504) 828-3737
                                  Email: ksmith@sessions.legal
                                  Attorneys for Defendant
                                  Nationwide Credit, Inc.

APPROVED AND SO ORDERED:

Dated:  2-24-2022

                                  _Judith C. McCarthy_
                                  United States Magistrate Judge

6

**Attachment A**

**NONDISCLOSURE AGREEMENT**

I, _____ do solemnly swear that I am fully familiar with

the terms of the Stipulated Protective Order entered in *Yekusiel Stesel, individually and*

*on behalf of all others similarly situated v. Nationwide Credit, Inc.*, United States District

Court for the Southern District of New York (White Plains), Civil Action No. 7:21-cv-

06916-KMK-JCM and hereby agree to comply with and be bound by the terms and

conditions of said Order unless and until modified by further Order of this Court.   I

hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.


Dated:                                    _____

**ADDENDUM A**

*Yekusiel Stesel, et al. v. Nationwide Credit, Inc.*
21 Civ. 6916 (KMK)(JCM)

**Paragraph 9 is replaced with the following:**

The following procedures for filing Confidential Material with the Court shall apply:

Any party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents that have previously been designated as comprising or containing Confidential Material, and any pleading, brief, or memorandum that reproduces, paraphrases, or discloses Confidential Material, shall seek and obtain a sealing order from the Court pursuant to Section 6 of the *Southern District of New York's Electronic Case Filing Rules & Instructions*. If the Court grants permission to file the Confidential Material under seal, the party shall also serve the Court and opposing counsel with unredacted courtesy copies of the confidential document. The parties will use their best efforts to minimize such sealing requests. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file, via the Court's Electronic Case Filing system, a copy of the same in which only the Confidential Material itself is redacted, and all other information that in no material way reveals the Confidential Material is retained.